IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLANIA

| | | |
|---|---|---|
| JEANNE A. NICHOLSEN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| HOLY FAMILY INSTITUTE AND | ) | |
| HOLY FAMILY LEARNING, | ) | |
| | ) | Electronically Filed. |
| Defendants. | ) | |

COMPLAINT IN A CIVIL ACTION

COMES NOW the Plaintiff, JEANNE A. NICHOLSEN, by and through her attorneys, SCANLON & SANSONE and JOEL S. SANSONE, and brings this Complaint of which the following is a statement:

PARTIES

1. Plaintiff, Jeanne A. Nicholsen, is an adult female citizen of the Commonwealth of Pennsylvania.

2. Defendant, Holy Family Institute, is a Pennsylvania non-profit corporation with a registered address at 8235 Ohio River Boulevard, Pittsburgh, Pennsylvania 15202, and at all times hereto acted by and through its various subdivisions and authorities including Defendant, Holy Family Learning, a Pennsylvania non-profit corporation, with its registered address at 8235 Ohio River Boulevard, Pittsburgh, Pennsylvania 15202. At all times relevant hereto, Defendants were acting through their partners, directors, agents, subsidiary officers, employees and assigns acting within their full scope of their agency, office, employment or assignment.

3. At all times relevant hereto, Defendants were acting through their partners, directors, agents, subsidiaries, officers, employees and assigns acting within the full scope of their

respective agency, office, employment or assignment.

4. Defendants are, and at all times relevant to this Complaint have been, employers in an industry affecting commerce within the meaning of the Fair Labor Standards Act, Section 701(b) of the Civil Rights Act of 1964 and 42 U.S.C. Section 2000e(b), and are thus covered by the provisions of Title VII.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over these claims pursuant to 42 U.S.C. Section 2000, et seq., and Section 2000(e) 2-3 (Title VII), the Civil Rights Act of 1991, 42 U.S.C. Section 1981 (a), 29 U.S.C. Section 201, et seq., the Equal Pay Act and 29 U.S.C. Section 621 et seq. ("ADEA"). This Court may exercise pendent jurisdiction over Count III of this Complaint brought under the Pennsylvania Human Relations Act (PHRA), 43 P.S. Section 951, et seq. 955.

6. All or substantially all of the events, facts and circumstances giving rise to the instant Complaint occurred in the Western District of Pennsylvania and therefore venue is appropriate under Title 28 U.S.C. Section 1391 (b) (2) and (c).

8. Plaintiff has satisfied all procedural and administrative requirements set forth in Section 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5, and in particular:

    A. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about November 9, 2008, and said charge was cross-filed with the Pennsylvania Human Relations Commission ("PHRC");

    B. The EEOC issued a Notice of Dismissal and Right to Sue Letter dated May 19, 2008; and

    C. Plaintiff's Complaint is timely filed within 90 days of Plaintiff's receipt of the Notice of Dismissal and Right to Sue.

## FACTUAL ALLEGATIONS

9. Plaintiff was employed by the Defendant, Holy Family Learning, from in or about August 1, 2005, through her termination on May 16, 2007, in various capacities, the last of which was quality review team manager/work study effort team manager.

10. On May 16, 2007, Plaintiff was informed of her termination by her immediate supervisor, Vic Papale, accompanied by Kim Radler. Plaintiff was not given a specific reason for her termination. Mr. Papale only indicated to Plaintiff that it was he who had made the decision to terminate her.

11. Previously, Mr. Papale had met with the Defendants' executive director, Dr. William Nicholsen, and complained about Plaintiff's performance by making remarks which were untrue regarding her interaction with other employees of the Respondent.

12. Specifically, Mr. Papale told Dr. Nicholsen that Plaintiff threatened employees in Dr. Nicholsen's name (Dr. Nicholsen is Plaintiff's ex-husband), and made employees uncomfortable during staff reviews and in general. These claims are untrue, and, furthermore, Plaintiff was never given an opportunity to defend herself against these claims before they were brought to the attention of the executive director.

13. Plaintiff was further informed that the Defendant was invoking its nepotism policy because of the allegation that she made employees uncomfortable as a result of her former relationship with the executive director. Mr. Papale purported to give evidence of this contention of the employees of the Defendants sufficient to invoke the nepotism policy. The evidence offered by Mr. Papale was untrue and was a pretext disguise to intentional discrimination based on Plaintiff's age and sex.

14. Plaintiff believes that Mr. Papale engaged in an organized effort to create the appearance

that employees were uncomfortable with her former relationship with the executive director when in fact the purpose of Mr. Papale's efforts was to give her job to a younger male who was significantly less experienced and less qualified than Plaintiff to perform this function.

15. After her termination, Plaintiff was replaced by the younger male, Mr. Jim Schuyler, who was less qualified and experienced than Plaintiff. Prior to Plaintiff's termination, Mr. Schuyler was only a standing member of the quality review team. After Plaintiff's termination, Mr. Schuyler was promoted to the position of quality review team manager (Plaintiff's former title).

16. Both prior to and after Plaintiff's termination, Mr. Schuyler was paid significantly more than Plaintiff on an annual basis for work which was significantly less difficult and which carried significantly less responsibility.

17. Further, after Plaintiff's termination, half of Plaintiff's responsibilities were given to a younger male named Mark F. (LNU) who was paid essentially the same salary as Plaintiff's salary at termination for less than half of the work which Plaintiff performed in her function.

COUNT I:

SEX DISCRIMINATION

18. Plaintiff incorporates by reference Paragraphs 1 through 17 as though fully set forth at length herein.

19. As described hereinabove, Plaintiff has been subjected to numerous adverse employment actions, including but not limited to, unequal pay and unwarranted termination. Plaintiff has been treated less favorably than her male counterparts in that her duties were assumed by male employees and/or she was replaced by a male employee, all of whom were less qualified and less experienced than Plaintiff.

20.     The actions of the Defendants in denying Plaintiff an equal opportunity to continue and advance in her employment with the Defendants without sexual discrimination constitute violations of Title VII of the Civil Rights Act of 1964 (as amended) and the Civil Rights Act of 1991 (as amended).

21.     As a direct result of the Defendants' discriminatory actions in violation of Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991, Plaintiff has lost wages and other economic benefits of her employment with the Defendants. Additionally, the Plaintiff has been forced to endure pain, suffering, humiliation, inconvenience, stress, anguish and mental and emotional distress. Moreover, the Plaintiff has incurred counsel fees and other costs of pursuing her legal rights.

22.     The actions on the part of the Defendants are part of a plan, pattern or practice of discriminating against female employees in the type and manner described above which may affect others similarly situated to the Plaintiff.

23.     Plaintiff has no other plain, adequate or complete remedy at law to redress the wrongs done to her by the Defendants and this suit for injunctive and compensatory relief is her only means of securing just and adequate redress and relief. Moreover, Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendants' sex discrimination policies, practices, customs and usages as set forth herein until and unless the same are enjoined by the court.

WHEREFORE, Plaintiff respectfully prays that judgment be entered in her favor against the Defendants and that the Court:

    a.     that the Court enter a judgment declaring the Defendant's actions to be unlawful and violative of Title VII of the Civil Rights Act;

b.       that the Court award the Plaintiff back pay damages and other benefits lost due to the Defendant's unlawful conduct plus interest from the date of discrimination;

c.       that the Court order the Defendant to pay the Plaintiff a salary which is commensurate with the salary paid to her male counterparts;

d.       that the Court order the Defendant to pay a back pay award for monies lost as a result of the Plaintiff being paid less than her male counterparts;

e.       that in addition to the damages above, the Court award the Plaintiff compensatory damages as a result of Defendant's willful violation of Title VII;

f.       that the Court order the Defendant to reinstate the Plaintiff to the position she held before she was discriminated against, with the accumulated seniority, fringe benefits, and all other rights or in the alternative award the Plaintiff front pay damages;

g.       that in addition to the damages above, the Court award the Plaintiff compensatory and punitive damages as a result of the Defendants' willful violation of the Civil Rights Act of 1991;

h.       award the Plaintiff reasonable attorneys' fees and costs of this action;

i.       award the Plaintiff pre-judgment and post-judgment interest from the date of discrimination; and

j.       grant the Plaintiff such additional relief as may be just and proper.

                                                                                   JURY TRIAL DEMANDED

## COUNT II:

### ADEA

24. Plaintiff incorporates paragraphs 1 through 23 as though fully set forth at length herein.

25. The Plaintiff has been discriminated against by the Defendants because of her age, in violation of the ADEA, 29 U.S.C. Section 623 (a)(1), et seq., and the PHRA, 43 P.S. Section 955. As described hereinabove, Plaintiff has been subjected to numerous adverse employment actions, including but not limited to, unequal pay and unwarranted termination. Plaintiff has been treated less favorably than her younger counterparts in that her duties were assumed by younger employees and/or she was replaced by a younger employee, who in each instance was less qualified and less experienced than Plaintiff.

26. As a direct result of the Defendants' discriminatory actions, and in violation of the ADEA and the PHRA, the Plaintiff has lost wages and other economic benefits of her employment with the Defendant. In addition, the Plaintiff has incurred counsel fees and other costs in pursuing her legal rights. The Plaintiff has also suffered from emotional distress, inconvenience, humiliation, defamation of character, loss of standing among her peers and stress.

27. The actions on the part of the Defendants were intentional and willful.

28. The actions on part of the Defendants are part of a plan, practice or pattern of discriminating against older employees which may affect others who are similarly situated to the Plaintiff.

WHEREFORE, Plaintiff requests the following:

a. that the Court enter a judgment declaring the Defendants' actions to be unlawful and violative of ADEA;

b. that the Court award the Plaintiff back pay damages and other

        benefits lost due to the Defendants' unlawful conduct plus
interest from the date of discrimination;

c.    that the Court award the Plaintiff pre-judgment and post-judgment interest from the date of the discrimination;

d.    that the Court order the Defendants to pay the Plaintiff a salary which is commensurate with the salary paid to her male counterparts;

f.    order the Plaintiff to be reinstated to her position with full accumulated wages, benefits and seniority or, in the alternative, award Plaintiff future damages in an amount sufficient to compensate Plaintiff for all future losses;

g.    that in addition to the damages above, the Court award the Plaintiff liquidated damages in an amount equal to the pecuniary losses sustained as a result of the Defendants' willful violation of ADEA;

h.    that the Court order the Defendants to reinstate the Plaintiff to the position she held before she was discriminated against, with the accumulated seniority, fringe benefits, and all other rights or in the alternative award the Plaintiff front pay damages;

i.    award the Plaintiff reasonable attorneys' fees and costs of this action;

j.    award the Plaintiff pre-judgment and post-judgment interest from the date of discrimination; and

k.    grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

COUNT III:

EQUAL PAY ACT VIOLATIONS

29.    Plaintiff incorporates by reference Paragraphs 1 through 28 as though fully set forth at length herein.

30.    As set forth above, Plaintiff was paid lower wages than similarly situated male employees in violation of the Equal Pay Act.

31.     Plaintiff avers that she was paid less than similarly situated male employees who were performing substantially the same work as Plaintiff and who had equal or less than equal skill, effort and responsibility as the Plaintiff, as well as having similar working conditions as the Plaintiff while she was employed by the Defendants.

32.     As a direct result of the Defendants' discriminatory actions in violation of the Equal Pay Act, 29 U.S.C. Section 201, et seq., the Plaintiff has lost wages and other economic benefits of her employment with the Defendants. Additionally, the Plaintiff has been forced to endure pain, suffering, humiliation, inconvenience, stress, anguish and mental and emotional distress. Moreover, the Plaintiff has incurred counsel fees and other costs of pursuing her legal rights.

WHEREFORE, Plaintiff requests the following:

a.  that the Court enter a judgment declaring the Defendants' actions to be unlawful and violative of Equal Pay Act, 29 U.S.C. Section 201, et seq;

b.  that the Court enter a judgment declaring the Defendants' actions to be unlawful and violative of the Pennsylvania Human Relations Act;

c.  that the Court award the Plaintiff back pay damages and other benefits lost due to the Defendants' unlawful termination plus interest from the date of discrimination;

d.  that the Court order the Defendants to pay the Plaintiff a salary which is commensurate with the salary paid to her male counterparts;

e.  order the Plaintiff to be reinstated to her position with full accumulated wages, benefits and seniority or, in the alternative, award Plaintiff future damages in an amount sufficient to compensate Plaintiff for all future losses;

f.  that the Court order the Defendants to pay a back pay award for monies lost as a result of the Plaintiff being paid less than her male counterparts;

g.  that in addition to the damages above, the Court award the Plaintiff liquidated damages in an amount equal to the pecuniary losses, as well as

<ul>
<li>damages in amount allowed as a result of the Defendants' willful violation of Equal Pay Act;</li>
</ul>

h. that the Court order the Defendants to reinstate the Plaintiff to the position she held before she was discriminated against, with the accumulated seniority, fringe benefits, and all other rights or in the alternative award the Plaintiff front pay damages;

i. award the Plaintiff reasonable attorneys' fees and costs of this action;

j. award the Plaintiff pre-judgment and post-judgment interest from the date of discrimination; and

k. grant the Plaintiff such additional relief as may be just and proper.

.

JURY TRIAL DEMANDED

COUNT IV:

PHRA ALLEGATIONS

33. Plaintiff incorporates by reference Paragraphs 1 through 32 as though fully set forth at length herein.

34. This is an action arising under the provisions of Pennsylvania law, to wit, Title 43 P.S. §951, et seq. (The "Pennsylvania Human Relations Act") and this Court has, and should exercise, pendent jurisdiction over the same because the cause of action complained of in this Count arises out of the same facts, events and circumstances as Counts I through III and, therefore, judicial economy and fairness to the parties dictate that this Count be brought in the same Complaint.

35. As described hereinabove, Plaintiff has been subjected unequal pay and unwarranted termination. Plaintiff has been treated less favorably than her younger and/or male counterparts.

36. The actions of the Defendants in denying Plaintiff an equal opportunity to continue and advance in her employment with the Defendants without sexual and age discrimination constitute

violations of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

37. By discriminating against the Plaintiff without just cause or legal excuse and solely because of her sex and age, the Defendants violated the provisions of Title 43 P.S. §955 which prohibits discrimination based upon sex and age with respect to compensation for, continuation in and tenure of, employment.

38. The Defendants' actions in discriminating against the Plaintiff were taken and done despite the Plaintiff's experience and qualifications which made her the best and most competent employee to provide services for the Defendants in a number of available positions including, but not limited to, the position she currently holds with the Defendants.

39. As more fully set forth in Count I, the Plaintiff has suffered, directly and solely as a result of the Defendants' discriminatory actions, great pecuniary loss and damage, and will continue to suffer the same for the indefinite future.

40. A JURY TRIAL IS DEMANDED TO THE EXTENT THE SAME MAY BE PERMITTED BY LAW.

WHEREFORE, the Plaintiff respectfully prays that judgment be entered in her favor and against the Defendants for all of the relief sought in Counts I through III, supra, and such other and further relief provided by the Pennsylvania Human Relations Act, together with an award of attorneys' fees and costs of suit in this Count.

Respectfully submitted,

SCANLON & SANSONE

s/Joel S. Sansone
Joel S. Sansone, Esquire
Pa. I.D. No. 41008
2300 Lawyers Building
Pittsburgh, Pennsylvania 15219
412.281.9194

Dated: August 1, 2008